PEARSON, Chief Judge.
The appellant was the defendant in a replevin action begun by the appellee. The sole point upon appeal urges that the final judgment should have awarded the appellant the full value of the automobile re-plevied rather than the value of a “special interest” [1]
The replevin proceeded upon appellee’s affidavit that it was the owner of the automobile which had been stolen and sold to the appellant. Prior to trial of the issue, a second insurance company was allowed to intervene as a third party claimant. The third party claimant established that the automobile was in fact stolen but that because of a changed motor number it was one stolen from a different owner than the one first identified. The summary judgment subsequently entered found that the third party claimant was entitled to possession and set the issue of the defendant-appellant’s damages for trial. A pretrial order pursuant to stipulation set forth the issue as follows:
* * * * * *
“The issue of damages has been stipulated to be either the reasonable value of the vehicle of DELRICH CORPORATION, which is in the amount of $3700.00, or the reasonable rental value for said motor vehicle in the amount of $700.00.”
It was later agreed that the issues would be decided by the court upon memoranda of law submitted. The trial judge entered final judgment for the defendant-appellant in the amount of $700. This appeal is from that judgment. No other error is claimed.
We hold that the trial judge correctly found that appellant was not entitled to the full value of the automobile as damages. Appellant’s argument that it is entitled to such a windfall is based upon the assumption that as between the original plaintiff and the appellant-defendant, it was entitled to possession and that therefore under the statute it was entitled to damages for the value of the property lost by the replevin action.[2]
While this argument has a kind of legal finality to it, we think that it ignores the fact that the summary judgment found that appellant was not entitled to possession of the automobile. The judgment found that *271 the third party claimant was entitled to possession presumably as of the date of the filing of the writ by the appellee. Nevertheless the court allowed the defendant-appellant damages for its presumed right of possession. Without passing upon appellant’s right to damages since the point is not raised here, we hold that the trial court correctly denied appellant’s claim to damages for the value of the automobile re-plevied. Cf. Pollack v. Smith, 303 Ill.App. 338, 25 N.E.2d 138 (1940); Mars v. Hendon, 178 Miss. 157, 171 So. 880, 173 So. 286 (1937).
Affirmed.

. See F.S. § 78.21, F.S.A.

. See F.S. § 78.21, F.S.A.